1   FRITZ CLAPP   (Bar No. 99197)
    Attorney at Law
2   P.O. Box 2517
    Beverly Hills, CA  90213
3   Telephone:    888-292-5784
    Facsimile:     888-467-2341
4   E-mail:        mail@fritzclapp.com

5   Attorney for Plaintiff
    GRAND PRIZE NETWORK, LLC
6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11  **GRAND PRIZE NETWORK, LLC**,            |   Case No.  **3:14-cv-4384**

12        Plaintiff,                          |   **COMPLAINT FOR TRADEMARK
                                              |   AND COPYRIGHT INFRINGEMENT,
13  v.                                        |   UNFAIR COMPETITION AND
                                              |   DILUTION**
14  **IDDICTION, INC.,**                      |
    **and DOES 1 through 10,**               |   **(INJUNCTIVE RELIEF SOUGHT)**
15                                            |
          Defendants.                         |   **DEMAND FOR JURY TRIAL**
16

17

18        Plaintiff, GRAND PRIZE NETWORK, LLC, by and through its undersigned

19  attorney, hereby complains as follows:

20                              <u>**JURISDICTION**</u>

21        1.      This action arises under the Trademark Act of 1946 (the Lanham Act), as

22  amended by the Federal Trademark Dilution Act of 1995, the Copyright Act (17 U.S.C. §§

23  106 and 501), and under the statutes and common law of the State of California.  This Court

24  has original jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

25  This Court has supplemental jurisdiction over the state unfair competition claims under 28

26  U.S.C. § 1338(b), in that those claims are joined with substantial and related claims under

27  15 U.S.C. §§ 1051 *et seq.* This Court has supplemental jurisdiction over the state claims

28  under 15 U.S.C. § 1367, in that they are related to claims under this Court's original

1  jurisdiction and form part of the same case or controversy under Article III of the United

2  States Constitution.

3  <u>**VENUE**</u>

4  2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a

5  substantial part of the events giving rise to the claims herein occurred in this District and

6  because the Defendants are found and conduct business within this District.

7  <u>**INTRADISTRICT ASSIGNMENT**</u>

8  3.    This is an Intellectual Property Action to be assigned on a district-wide basis

9  pursuant to Civil L.R. 3-2(c).

10  <u>**PARTIES**</u>

11  4.    Plaintiff GRAND PRIZE NETWORK, LLC ("GPN") is a limited liability

12  company organized under the laws of the State of Nevada, with its principal place of

13  business at 2360 Corporate Circle, Suite 400, Henderson, Nevada 89074.

14  5.    Defendant IDDICTION, INC. ("IDDICTION") is, on information and belief, a

15  corporation organized under the laws of the State of Delaware, with a principal place of

16  business located at 1450 El Camino Real, Menlo Park, California 94025, within the County

17  of San Mateo, California.

18  6.    On information and belief, DOES 1 through 10, inclusive, are persons and

19  entities of unknown form that have commissioned, created, marketed and/or distributed the

20  infringing product of Defendant IDDICTION complained of herein, and are legally

21  responsible for damages to Plaintiff as herein alleged.  Plaintiff will amend this complaint

22  when the true names and capacities of said defendants have been ascertained.

23  <u>**PLAINTIFF'S PRODUCT**</u>

24  7.    Plaintiff GPN is the developer of an original mobile application named *Prize*

25  *Wheel*, for the iOS (iPhone/iPad) and Android platforms.  *Prize Wheel* is downloaded for

26  free by users, who qualify to win prizes and promotional gifts through random drawings

27  administered by Plaintiff; as part of the user experience, paid commercial advertising is

28  shown which generates revenue for Plaintiff.

8.      *Prize Wheel* has proven very popular since its initial release on April 8, 2012, and has been downloaded more than one million times from various online channels, including iTunes and Google Play. *Prize Wheel* has over 1650 user reviews on iTunes with an average rating of four stars, and over 6006 user reviews on Google Play with an average rating of three and one-half stars.   On January 21, 2014, *Prize Wheel* was ranked the fifth most popular entertainment download on iTunes, and within the top ninety free downloads.

9.      Plaintiff GPN has devoted considerable time and expense in the conception, development and promotion of *Prize Wheel*, and owns all intellectual property rights associated with the application.

10.     The name or title of Plaintiff's application, PRIZE WHEEL, is the subject of U.S. Trademark Reg. No. 4,350,994, attached hereto as Exhibit A.

11.     The graphic icon by which *Prize Wheel* is identified on the various online distribution channels, featuring a white box tied with a red ribbon and the exclamatory text "SPIN!" (the "SPIN! Icon"), is a trademark of Plaintiff and the subject of pending application serial number 86299082, in class 9 for downloadable computer game software.

12.     The *Prize Wheel* SPIN! Icon is an original, creative work of expression that constitutes copyrightable subject matter under 17 U.S.C. § 101 *et seq*. At all relevant times, Plaintiff has owned all the rights and privileges in and to this work.



13.     The "Grand Prize Network Official Rules" is an original work of expression that constitutes copyrightable subject matter under 17 U.S.C. § 101 *et seq*. At all relevant times, Plaintiff has owned all the rights and privileges in and to this work which was published on April 1, 2012.   Plaintiff has applied to the United States Registrar of Copyrights for a registration for this work; said application including the work is attached hereto as Exhibit B.

1

**DEFENDANTS' INFRINGEMENTS**

2  14.    Reacting to the great popularity of Plaintiff's *Prize Wheel* product, Defendant

3  IDDICTION developed and released a competing product named *Prize Spin* on May 13,

4  2014.  Defendant IDDICTION's Prize Spin is comprehensively and confusingly similar to

5  Plaintiff's *Prize Wheel*, appropriating, copying and adapting the latter's distinctive elements.

6  *Prize Spin* has been promoted and marketed by Defendant IDDICTION in direct

7  competition with *Prize Wheel* on both the iOS and Android platforms.

8  15.    The results of a search on iTunes for "Prize Wheel" on May 20, 2014 shows

9  the confusing similarity of the *Prize Wheel* and *Prize Spin* listings:

10

 

11

12

13

14

15  16.    The graphic icon used by Defendant IDDICTION for *Prize Spin* is

16  confusingly similar to Plaintiff's *Prize Wheel* SPIN! Icon:

17



18

19

20  17.    On information and belief, Defendant IDDICTION has posted fake reviews of

21  its own *Prize Spin* product on the iTunes AppStore, falsely claiming to be satisfied and

22  excited users.

23  18.    On information and belief, Defendant IDDICTION copied substantial portions

24  of Plaintiff's copyrighted "Grand Prize Network Official Rules" for Defendant's Terms of

25  Service as published on its website (http://www.prize-spin.com/rules.html) including the

26  reference to Nevada law.

27  19.    On information and belief, Defendant IDDICTION also copied substantial

28  portions of Plaintiff's copyrighted "Grand Prize Network Official Rules" for Defendant's

1  Privacy Policy as published on its website (http://www.prize-spin.com/privacy.html).

2    20.    Defendants IDDICTION and DOES 1 through 10, and each of them, have

3  obtained substantial profits from their infringements and unfair competition as herein

4  alleged.

5    21.    The actions of Defendants, and each of them, have caused and will cause

6  Plaintiff irreparable harm for which money damages and other remedies are inadequate.

7  Unless Defendants, and each of them, are restrained by this Court, they will continue and/or

8  expand the illegal activities alleged in this Complaint and otherwise continue to cause great

9  and irreparable damage and injury to Plaintiff.  Accordingly, in addition to other relief

10  sought, Plaintiff is entitled to preliminary and permanent injunctive relief against

11  Defendants IDDICTION and DOES 1 through 10, and all persons acting in concert with

12  them.

13                                    **FIRST CLAIM**

14                          **Federal Trademark Infringement**

15    22.    Plaintiff realleges and incorporates by reference each of the allegations

16  contained in paragraphs 1 through 21 of this Complaint.

17    23.    Without consent of Plaintiff, Defendants IDDICTION and DOES 1 through

18  10, and each of them, have used, in connection with the promotion and distribution of the

19  *Prize Spin* product, designs and marks that infringe upon Plaintiff's PRIZE WHEEL and

20  SPIN! marks.

21    24.    These acts of infringement have been committed with the intent to cause

22  confusion, mistake or deception, and are in violation of 15 U.S.C. § 1114.

23    25.    As a direct and proximate result of the infringing activities of Defendants

24  IDDICTION and DOES 1 through 10, and each of them, actual confusion has been

25  experienced by potential users of Plaintiff's *Prize Wheel* product.

26    26.    As a direct and proximate result of the infringing activities of Defendants

27  IDDICTION and DOES 1 through 10, and each of them, Plaintiff has suffered substantial

28  damage.

27.    Defendants' infringement of the Plaintiff's PRIZE WHEEL and SPIN! marks as alleged herein is an exceptional case and was intentional, entitling Plaintiff to treble the actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

## SECOND CLAIM

### Federal Unfair Competition

28.    Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 21 of this Complaint.

29.    Defendants' conduct constitutes the use of words, symbols or devices tending falsely to describe the infringing items, within the meaning of 15 U.S.C. § 1125(a)(1). Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing items to the detriment of Plaintiff and in violation of 15 U.S.C. § 1125(a)(1).

30.    As a direct and proximate result of the infringing activities of Defendants IDDICTION and DOES 1 through 10, and each of them, Plaintiff has suffered substantial damage.

## THIRD CLAIM

### Federal Dilution of Famous Mark

31.    Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 21 of this Complaint.

32.    At the time of Defendant's introduction of its *Prize Spin* product, and within the relevant market, Plaintiff's PRIZE WHEEL and SPIN! marks were distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as amended.

33.    Defendants' activities have diluted or are likely to dilute the distinctive quality of Plaintiff's marks by blurring in violation of 15 U.S.C. § 1125(c), as amended.

34.    On information and belief, Defendant's *Prize Spin* has not performed as advertised or as expected by its users, resulting in negative reviews and dissatisfaction which has the collateral effect of diluting Plaintiff's PRIZE WHEEL and SPIN! marks by

1    tarnishment.

2    35.    Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

3    36.    Because Defendants willfully intended to trade on the reputation of Plaintiff's

4    *Prize Wheel* product or to cause dilution of Plaintiff's PRIZE WHEEL and SPIN! marks,

5    Plaintiff is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C.

6    § 1125(c)(2).

7    ## FOURTH CLAIM

8    ### Copyright Infringement

9    37.    Plaintiff realleges and incorporates by reference each of the allegations

10    contained in paragraphs 1 through 21 of this Complaint.

11    38.    Defendants had access to Plaintiff's copyrighted SPIN! Icon and Prize Wheel

12    Official Rules by virtue of their wide public distribution through online channels.

13    39.    Defendants copied substantial elements of Plaintiff's copyrighted SPIN! Icon

14    and Prize Wheel Official Rules.

15    40.    Defendants have infringed and continue to infringe Plaintiff's copyrights by

16    copying, adapting, publishing and distributing Defendants' *Prize Spin* product.

17    41.    On information and belief, Defendants' infringements have been deliberate and

18    in willful disregard of Plaintiff's rights.

19    42.    Defendants have realized unjust profits, gains and advantages as a proximate

20    result of their infringements, and will continue to do so as long as those infringements are

21    permitted to continue.

22    43.    As a direct and proximate result of Defendants' infringements, Plaintiff has

23    suffered and will continue to suffer actual damages.   Plaintiff is entitled to its actual

24    damages and any gains, profits and advantages obtained by Defendants as a result of their

25    acts of infringement.   Alternatively, at Plaintiff's election, it is entitled to an award of

26    statutory damages as permitted by the Copyright Act.

27    44.    Plaintiff has no adequate remedy at law for the injuries suffered, and the

28    additional injuries that are threatened. Defendants will continue to engage in wrongful

1  conduct and Plaintiff will continue to suffer irreparable injury that cannot be adequately

2  remedied at law unless Defendants are enjoined from engaging in any further acts in

3  violation of the Copyright Act.

4  **FIFTH CLAIM**

5  **Unfair Competition under California Law**

6  45.     Plaintiff realleges and incorporates by reference each of the allegations

7  contained in paragraphs 1 through 21 of this Complaint.

8  46.     The acts of Defendants alleged above constitute unfair competition in that they

9  are unlawful, unfair, and/or fraudulent acts or business practices and/or unfair, deceptive,

10  untrue, or misleading advertising prohibited by California law, including Business and

11  Professions Code Section 17200 *et seq.*

12  47.     As a result of Defendants' unfair competition, Plaintiff has been seriously and

13  irreparably harmed, including dilution of goodwill, confusion of existing and potential

14  customers, and injury to reputation. Defendants' acts of unfair competition will be ongoing

15  unless enjoined by this Court, the Court makes such orders as necessary to prevent the use

16  or employment by Defendants or any act or practice which constitutes unfair competition in

17  the future, and the Court restores to Plaintiff any income which may have been acquired by

18  Defendants by means of unfair competition. The harm these wrongful acts will cause to

19  Plaintiff is both imminent and irreparable, and the amount of damages sustained by Plaintiff

20  will be difficult to ascertain if these acts continue.

21  48.     Upon information and belief, Defendants have profited or will profit by their

22  wrongful conduct and activities.

23  49.     Defendants' conduct complained of herein is malicious, fraudulent, deliberate

24  and/or willful.

25  50.     Plaintiff has no adequate remedy at law.

26  //

27  //

28  //

## SIXTH CLAIM

### Trademark Dilution under California Law

51.    Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 21 of this Complaint.

52.    As a result of Plaintiff's widespread and continuous use of its PRIZE WHEEL and SPIN! marks, and the popularity of its *Prize Wheel* product, Plaintiff's marks are famous within the relevant market and within the meaning of the relevant statutes.

53.    Defendants' commercial use of marks confusingly similar to Plaintiff's marks was willfully intended to trade on the reputation of Plaintiff and its *Prize Wheel* product.

54.    Defendants' commercial use of marks confusingly similar to Plaintiff's marks, which commenced after such marks became famous, has caused and continues to cause irreparable injury to Plaintiff and its reputation and has diluted the distinctive quality of its marks within the meaning of Cal. Bus. & Pro. Code Section 14330.

55.    Defendants' conduct complained of herein is malicious, fraudulent, deliberate and/or willful.

56.    As a result of Defendants' conduct, Plaintiff is entitled to injunctive relief and is entitled to recover all damages caused by reason of Defendants' acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant it the following relief:

a.)    Adjudge that Plaintiff's PRIZE WHEEL and SPIN! marks have been infringed by Defendants in violation of the rights of Plaintiff under 15 U.S.C. § 1114;

b.)    Adjudge that Defendants have competed unfairly with Plaintiff in violation of its rights under 15 U.S.C. § 1125(a);

c.)    Adjudge that Defendants' activities are likely to, or have, diluted the famous Plaintiff's PRIZE WHEEL and SPIN! marks in violation of the rights of Plaintiff under 15 U.S.C. § 1125(c);

d.)    Adjudge that Plaintiff's copyrights have been infringed by Defendants in violation of the Copyright Act;

e.)     Adjudge that Defendants have competed unfairly with Plaintiff in violation of California law;

f.)     Adjudge that Defendants have diluted Plaintiff's marks under California law;

g.)     Adjudge that the activities of Defendants complained of herein were malicious, fraudulent, deliberate and/or willful;

h.)     Adjudge that Defendants, their subsidiaries, parent and affiliated companies, successors, assigns, agents, and employees, and all others acting for, with, by, through or in concert with Defendants, shall be enjoined and restrained at first during the pendency of this action and thereafter permanently from using Plaintiff's PRIZE WHEEL and SPIN! marks, and any other mark, word, name or symbol that is likely to cause confusion with, or cause dilution of, Plaintiff's marks;

i.)     Adjudge that Defendants, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon counsel for Plaintiff a written report under oath setting forth in detail the manner in which they have complied with the judgment;

j.)     Adjudge that Plaintiff recover from Defendants its damages in an amount to be proven at trial;

k.)     Adjudge that Defendants be required to account for any profits that are attributable to its illegal acts, and that Plaintiff be awarded three times Defendants' profits under 15 U.S.C. § 1117, plus prejudgment interest;

l.)     Order an accounting of and impose a constructive trust on all of Defendants' funds and assets that arise out of Defendants' infringing activities;

m.)     Adjudge that Defendants be required to pay exemplary damages for fraud, malice and gross negligence, whether grounded on proof of actual damages or on proof of unjust enrichment;

n.)     Adjudge that Plaintiff be awarded the costs of this action, together with reasonable attorney's fees and disbursements; and

//

1      o.)     Adjudge that all such other and further relief be awarded to Plaintiff as the

2  Court deems just and equitable.

3  Dated:  September 30, 2014

4

5  _____

6  FRITZ CLAPP
   Attorney for Plaintiff GRAND PRIZE
   NETWORK, LLC
7

8                    **<u>JURY DEMAND</u>**

9      Plaintiff hereby demands trial by jury of all issues triable herein, pursuant to Fed. R.

10 Civ. P. 38(b).

11 Dated:  September 30, 2014

12

13 _____

14 FRITZ CLAPP
   Attorney for Plaintiff GRAND PRIZE
   NETWORK, LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28